In May of 1990, appellants, Clark and Cynthia Barkheimer, purchased property located at 4600 Brinker Street, S.W. in Navarre, Ohio. This property is situated within the eastern half of Bethlehem Township which is subject to a zoning resolution. The property lies in a rural residential district where the operation of a commercial business is not a permitted use.
In 1991, appellant began a woodworking business in one of the outbuildings located on the property to supplement his income. This work eventually became appellant's sole source of income. In December of 1997, Bethlehem Township Zoning Inspector John Evans sent notice to appellants to discontinue this business.
On January 12, 1998, appellants filed a complaint against appellees, Bethlehem Township, its trustees and zoning inspector, seeking declarations that appellants can continue their woodworking business and the zoning resolution is unconstitutional as applied to appellant's property. On March 19, 1998, appellees filed a motion to dismiss. By assignment notice filed April 13, 1998, the trial court converted said motion to a motion for summary judgment. Appellants filed an opposition memorandum on May 1, 1998. By judgment entry filed May 15, 1998, the trial court granted summary judgment to appellees and dismissed the case.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of Error are as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN UPHOLDING THE VALIDITY OF BETHLEHEM TOWNSHIP'S "PIECEMEAL" ZONING ORDINANCE.
II
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT WHERE THERE WAS NO PROPER SUPPORTING EVIDENCE UPON WHICH TO BASE THE DECISION.
This appeal arose from the trial court's granting of summary judgment to appellees on all counts of the complaint. The complaint challenged the Bethlehem Township Zoning Resolution as being unlawful because it was "piecemeal" zoning, as arbitrary and discriminatory because it only restricted a portion of the township's lands, as unconstitutional because it deprived them of an economically viable use of their lands, and as selective enforcement. The complaint also argued nonconforming use and estoppel.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I
Appellants claim the trial court erred in finding the zoning resolution was lawful and in compliance with R.C. 519.02. We disagree.
Appellants argue the zoning resolution is unlawful because it constitutes "piecemeal/spot zoning" since it only pertains to a portion of the township. In support of this argument, appellants cite City of Youngstown v. Kahn Bros. Bldg. Co.
(1925), 112 Ohio St. 654, syllabus, wherein the Supreme Court of Ohio found invalid a "block" ordinance relating only to a small district of the city because it was unrelated to the public welfare:
 A provision is an ordinance establishing a fraction only of the territory of a municipality into a district, and providing that no building which is intended to be used as a dwelling shall be erected with the district except as a single or two family dwelling, in a case where the record shows that the districts a most healthful part of the municipality in which to erect an apartment house and that the public health, morals and safety of the district and of the entire municipality will not be impaired by the erection of such an apartment house, constitutes a taking of property without due process of law and a taking of private property for public use without compensation, and is invalid.
We find the case sub judice to be factually distinguishable from the cited case. First, over half of Bethlehem Township is zoned (See, Plaintiff's Exhibit 1, attached herein). Second, the zoned area is geographically compact (the Tuscarawas River is the boundary line to the township). Third, appellant has made no attack to the public welfare standard. Lastly, the zoning resolution is geographically comprehensive.[1]
Appellants argue R.C. 519.02 and numerous appellate decisions support the proposition that a comprehensive zoning plan is a necessity as a safety valve against "piecemeal or spot zoning." R.C. 519.02 states as follows:
 For the purpose of promoting the public health, safety, and morals, the board of township trustees may in accordance with a comprehensive plan regulate by resolution the location, height, bulk, number of stories and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas which may be occupied set back building lines, sizes of yards, courts, and other open spaces, the density of population, the uses of buildings and other structures including tents, cabins, and trailer coaches, and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of such township, and for such purposes may divide all or any part of the unincorporated territory of the township into districts or zones of such number, shape, and area as the board determines. All such regulations shall be uniform for each class or kind of building or their structure, or use throughout any district or zone, but the regulations in one district or zone may differ from those in other districts or zones. (Emphasis added.)
Appellees argued, and the trial court concurred, the emphasized language permits the zoning sub judice. Appellees further cite the Supreme Court of Ohio dicta in Casell v.Lexington Twp. Bd. of Zoning Appeals (1955), Ohio St. 340, 346, for the proposition there must be a yardstick by which to measure zoning regulations:
 There being no yardstick in the regulation by which the zoning commission could possibly be guided, we can come to no conclusion other than that the commission in this instance acted arbitrarily and unreasonably in refusing to issue the permits.
"Piecemeal" is subject to definition and is commonly defined as "one piece at a time: GRADUALLY * * * in pieces or fragments." Webster's Ninth New Collegiate Dictionary (1991), 890. The zoned area and the zoning resolution were one unit, accomplished at one time. Given the fact the zoning resolution governs a geographically contiguous area of more than half the township which was subject to a vote in 1973, we find no piecemeal or spot zoning. In addition, we concur R.C. 519.02 by its very language anticipates not all of a township may be subject to a zoning resolution but could in fact be part of a comprehensive plan to leave a substantial portion unrestricted.
Upon review, we find the trial court did not err in finding the zoning resolution was lawful.
Assignment of Error I is denied.
 II
Appellants claim the trial court erred in granting summary judgment to appellees on the issues of selective enforcement, nonconforming use, estoppel and economic feasibility. We agree.
On March 19, 1998, appellees filed a motion to dismiss all claims in the complaint. By assignment notice filed April 13, 1998, the trial court converted this motion to a Civ.R. 56 motion for summary judgment and set a nonoral hearing. On May 1, 1998, appellants filed a response to appellees' motion claiming discovery was in its early stages and the claims of selective enforcement and nonconforming use were inappropriate for review at the current time.
By judgment entry filed May 15, 1998, the trial court found appellants had not offered any evidentiary material to rebut appellees' arguments on selective enforcement, nonconforming use and estoppel. Although this may be correct, we note appellants also did not offer any evidentiary material on these issues. In a summary judgment motion, the moving party bears the burden of showing there is no genuine issue of material fact and entitlement to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280. We find the trial court's dismissal of appellants' claim for discovery coupled with no evidentiary hearing flies in the face of Dresher. The trial court erred in granting summary judgment to appellees on the issues of selective enforcement, nonconforming use, estoppel and economic feasibility.
Assignment of Error II is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J., Wise, P.J. and Gwin, J. concur.
--------------------
--------------------
 -------------------- JUDGES
[EDITORS' NOTE: MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellants.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.
[1] By vote, the electors of Bethlehem Township chose which portion would be subject to zoning.